UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN P. MEAD, D.V.M. and
BETHANY MEAD,

       Plaintiffs,                                  Case No. 8:13-cv-2206-T-24-AEP

v.

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER

This cause is before the Court upon Plaintiffs John P. Mead and Bethany Mead's Motion for Remand and Attorneys' Fees (Dkt. 8) and Motion for Enlargement of Time to File Motion for Remand (Dkt. 10). Defendant has filed a response in opposition, to which Plaintiffs, with the Court's permission, filed a reply. (Dkt. 9; Dkt. 15). For the reasons stated herein, Plaintiffs' Motion for Remand and Attorneys' Fees is **GRANTED IN PART AND DENIED IN PART**, and Plaintiffs' Motion for Enlargement of Time to File Motion for Remand is **GRANTED.**

**I.      BACKGROUND**

Plaintiffs' claims arise from an October 2011 automobile accident. (Dkt. 2 ¶13). Plaintiff John Mead alleges that he suffered serious and permanent injuries, and Plaintiff Bethany Mead alleges that she suffered a loss of consortium. *Id*. Defendant was Plaintiffs' automobile insurance carrier, and Plaintiffs' policy provided uninsured/underinsured motorists benefits. (Dkt. 2 ¶¶3-4; Dkt. 1-1 at 77-78). Plaintiffs filed suit in state court on April 9, 2013 seeking (1) declaratory judgment that Defendant is liable for their injuries not covered by the tortfeasor's insurance

coverage or Plaintiffs' personal injury coverage; (2) damages resulting from personal injuries to Plaintiff John Mead not otherwise covered by the tortfeasor's insurance coverage or his own personal injury coverage; and (3) damages for Plaintiff Bethany Mead's loss of consortium. (Dkt 1-1 at 1-9). Invoking this Court's diversity jurisdiction, Defendant removed the case on August 27, 2013. (Dkt. 1). On September 27, 2013, Plaintiffs filed the instant motion asking the Court to remand the proceedings to state court. (Dkt. 8).

## II.     STANDARD OF REVIEW

District courts considering motions for remand are "directed to construe removal statutes strictly[, and] all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted). The burden of "establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446" rests with the removing defendant. *Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1291 (M.D. Fla. 2009) (citations omitted). If the pleadings themselves do not provide the necessary information to determine whether removal was appropriate, a court can look to other evidence in the record. A removing defendant cannot rely on conclusory allegations to satisfy jurisdictional prerequisites. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

## III.    DISCUSSION

Plaintiffs raise two arguments in support of remand: (1) that Defendant's removal was untimely and (2) that Defendant waived its right of removal by actively litigating in state court. (Dkt. 8). In response, Defendant asserts that Plaintiffs' Motion for Remand was untimely and that its removal was timely. (Dkt. 9). In response to Defendant's argument that their Motion for

Remand was untimely, Plaintiffs filed a motion seeking a retroactive extension of the statutory time period to file a remand motion. (Dkt. 10).

### A. Whether Motion to Remand was Timely

The Court first addresses Defendant's argument that Plaintiffs' Motion for Remand was untimely filed before considering its merits. Plaintiffs must file "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal." 28 U.S.C § 1447(c). Plaintiffs' arguments for remand do not concern the Court's subject matter jurisdiction, and therefore their motion for remand was required to be filed within 30 days of Defendants' notice of removal. *Young v. Cargill Juice N. Am., Inc.*, 2006 WL 3544810, at *2 (M.D. Fla. 2006) (finding that an " argument regarding the alleged untimeliness of [the] notice of removal . . . concerns a procedural defect").

Defendant filed its notice of removal on August 27, 2013, and Plaintiffs filed their Motion for Remand on September 27, 2013. (Dkt. 1; Dkt. 8). Plaintiffs concede that their motion was filed one day after the statutorily imposed deadline of September 26, 2013.[1] (Dkt. 9 at 1-4; Dkt. 10 at 1). Defendant therefore contends that Plaintiffs' motion for remand ought to be denied as untimely. On October 9, 2013, Plaintiffs submitted a motion for a retroactive enlargement of time to file their remand motion. (Dkt. 9 at 1-4; Dkt. 10). Plaintiffs did not file a motion for enlargement of time prior to filing their motion for remand or within the thirty day deadline for filing a motion for remand.

---

[1] Federal Rule of Civil Procedure 6 excludes "the day of the event that trigger the period" in computing deadlines. Fed. R. Civ. P. 6(a)(1)(A). Thus, the 30 day time period began on August 28, 2013, the day following Defendant's filing of the notice of removal, and expired on September 26, 2013.

Plaintiffs request their enlargement of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), which in relevant part, provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Courts have applied Rule 6(b)(1)(B) to both prospective and retroactive requests to extend the time period to file a motion for remand and found that § 1447(c)'s 30-day time period for removal can be extended if "excusable neglect" exists.[2]

Plaintiffs' claimed "excusable neglect" is counsel's clerical error in calendaring the deadline for the submission of their motion for remand. (Dkt. 10 at 2). Determining whether neglect resulting in a missed deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). These factors include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. The Eleventh Circuit has specifically adopted these factors for evaluating excusable neglect and noted that "the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration in determining whether the district court had abused its discretion." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

---

[2] *E.g. Ramos v. Quien*, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008); *Papadopoulous v. Mylonas*, 2011 WL 4837276, at *4 (E.D. Pa. 2011); *Tyson v. Miller*, 2012 WL 1994855, at *2 (S.D. Ala. 2012); *Walters v. Kentucky-Am. Water Co.*, 2010 WL 1563497, at **2-3 (E.D. Ky. 2010).

It would be difficult to conclude that Defendant suffered any appreciable prejudice from Plaintiffs' one day delay in filing their motion. Defendant was on notice that Plaintiffs intended to file a motion for remand several days before Plaintiffs' deadline to do so. Defendant had filed a motion to dismiss in this case, and on September 13, 2013, Plaintiffs submitted a motion for an extension of time to file their response to the motion to dismiss. (Dkt. 5; Dkt. 6). Plaintiffs' motion disclosed that they intended to file a motion for remand and reasoned that adjudicating the motion to dismiss would be unnecessary if the Court remanded the proceedings. (Dkt. 6 at 1-2). Plaintiffs included a certification, as per Local Rule 3.01(g), that their counsel had conferred with Defendant's counsel, who did not oppose their request for an extension. (Dkt. 6 at 3). Accordingly, Defendant was forced to wait one extra day to begin preparing its response to a motion of which it had notice.

There is also no indication that Plaintiffs acted in bad faith. Considering that Plaintiffs apprised Defendant of their intention to file a motion for remand, the Court finds nothing to substantiate an argument that their one-day delay was anything more than an inadvertent oversight. Finally, regarding the reason for Plaintiffs' delayed filing, "untimely filing caused by inadvertence, mistake, or carelessness may still constitute 'excusable neglect.'" *Yang v. Bullock Fin. Grp., Inc.*, 435 F. App'x 842, 843-44 (11th Cir. 2011). Thus, although Plaintiffs' claimed reason for missing the deadline is entirely the fault of their counsel, this does not prevent a finding of excusable neglect.

Thus, while Plaintiffs' motion was one day late, the Court finds that the delay was caused by "excusable neglect," Defendant suffered no prejudice, and there was no bad faith.

Consequently, Plaintiffs' motion for a retroactive extension of time to file their motion for remand (Dkt. 10) is **GRANTED.**

### B. Whether Removal was Timely

Plaintiffs do not contest that this Court has diversity jurisdiction over their claims but rather that Defendant failed to timely remove this litigation after learning that the two prerequisites for diversity jurisdiction, complete diversity and an amount in controversy exceeding $75,000, were satisfied.[3] (Dkt. 8 at 12-14). Under 28 U.S.C § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

But in cases where a plaintiff's initial state court complaint does not apprise a defendant of the prerequisites for removal, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The 30-day window for removal was created to prevent a defendant from waiting to "see how it fared in the state court proceedings before deciding whether to remove." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010). The purpose behind delaying the commencement of the 30-day period is "to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present."

---

[3] Plaintiffs are Florida residents, Defendant is a Wisconsin corporation, and the amount in controversy exceeds $75,000. (Dkt. 1 at 2). Neither party disputes that Defendant knew it was diverse from Plaintiffs.

*Webster v. Dow United Technologies Composite Products, Inc.*, 925 F. Supp. 727, 729 (M.D. Ala. 1996) (citation omitted).

Plaintiffs do not contend that the complaint filed in state court provided Defendant with the requisite knowledge.[4] Instead, Plaintiffs argue that three communications - a presuit demand letter, a presuit civil remedy notice, and a postsuit civil remedy notice - to Defendant established that the amount in controversy exceeded $75,000, therefore providing Defendant with notice that there was a basis for diversity jurisdiction. (Dkt. 8 at 2).

1. Plaintiffs' Presuit Demand Letter and Civil Remedy Notice

First, Plaintiffs contend that either a demand letter sent to Defendant on August 2, 2012 or a civil remedy notice sent on August 14, 2012 established that the amount in controversy exceeded $75,000. (Dkt. 8-1; Dkt. 8-4). Defendant does not challenge that it received the demand letter or civil remedy notice, but rather that these documents did not establish the amount in controversy due to their speculative nature. (Dkt. 9 at 6-8). Courts are sometimes hesitant to find that demand letters and similar documents establish the amount in controversy when they "reflect puffing and posturing [rather than] specific information to support the plaintiff's claim for damages." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).

The Court finds it unnecessary to address Defendant's argument that the damages alleged in the demand letter and civil remedy notice were too speculative. The problem with the letter and notice is not the speculative nature of Plaintiffs' demands but rather the fact that they

---

[4]The state court complaint alleged that damages exceeded $15,000, the jurisdictional threshold in state court. *Essenson v. Coale*, 848 F. Supp. 987, 989 (M.D. Fla. 1994).

predated the litigation. Defendant could not remove within 30 days of receiving the demand letter on August 2, 2012 or the civil remedy notice on August 14, 2012 when the litigation was not filed until April 3, 2013.

The Fifth Circuit considered this precise question in *Chapman v. Powermatic, Inc.*:[5]

> The plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading. The second paragraph of § 1446(b) applies by its terms only "if the case stated by the initial pleading is not removable...." 28 U.S.C. § 1446(b). . . . Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper"; and therefore the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable. . . . By its plain terms the statute requires that if an "other paper" is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the "other paper" only after it receives the initial pleading. Finally, we believe that our holding that the "other paper" must be received after the filing of the initial pleading is supported by the recitation in the second paragraph of § 1446(b) of the words "amended pleading, motion, order" before the words "or other paper," which clearly refer to actions normally and logically occurring after the filing of the initial pleading.

*Chapman*, 969 F.2d at 164 (internal footnote removed). This Court has adopted the Fifth Circuit's reasoning on several occasions in finding that a presuit document is not an "other paper" for purposes of 1446(b).[6] Thus, regardless of the content of Plaintiffs' August 2, 2012 demand letter or August 14, 2012 civil remedy notice, their timing forecloses Plaintiffs'

---

[5] 969 F.2d 160 (5th Cir. 1992).

[6] *E.g. Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 4855700, at *3 (M.D. 2009); *Johnson v. Liberty Mut. Ins. Co.*, 2013 WL 1503109, at *3 (M.D. Fla. 2013); *Benstock v. Arrowood Indem. Co.*, 2011 WL 6314236, at **1-2 (M.D. Fla. 2011); *Depina v. Iron Mountain Info. Mgmt., Inc.*, 2005 WL 1319231, at *1 (M.D. Fla. 2005).

argument that either establishes the amount in controversy for a lawsuit commenced on April 9, 2013.

### 2. Plaintiffs' Postsuit Civil Remedy Notice

Plaintiffs sent another civil remedy notice on July 8, 2013, which distinguished from the presuit communications addressed above, occurred after Plaintiffs filed this litigation in state court on April 9, 2013. (Dkt. 8-16). Defendant's electronic records indicate that the civil remedy notice was received by Defendant on the same day. (Dkt. 8-19 at 5).

As noted above, the prerequisites for the Court's jurisdiction, including the amount in controversy, may be established by "an amended pleading, motion, order or other paper" for the purposes of commencing Defendant's 30-day clock to remove. 28 U.S.C. § 1446(b)(3). Courts have widely interpreted the definition of an "other paper" to include demand letters,[7] responses to requests for admission,[8] responses to interrogatories,[9] and deposition testimony.[10] As one court explains, the essence of the inquiry is not the title of the "other paper" but rather whether "under the circumstance of the case, the ['other paper'] includes the facts that are necessary to support removal." *Golden Apple Mgmt. Co., Inc. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1367

---

[7] *E.g. Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *Rodgers v. Nw. Mut. Life Ins. Co.*, 952 F. Supp. 325, 327 (W.D. Va. 1997); *Stramel v. GE Capital Small Bus. Fin. Corp.*, 955 F. Supp. 65, 67 (E.D. Tex. 1997); *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994).

[8] *E.g. Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989); *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1286 (S.D. Fla. 2013).

[9] *E.g. Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998); *Viens v. Wal-Mart Stores, Inc.*, 1997 WL 114763, at *2 (D. Conn. 1997).

[10] *E.g. Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465 (6th Cir. 2002); *Gilardi v. Atchison, T. & S. F. Ry. Co.*, 189 F. Supp. 82, 84 (N.D. Ill. 1960); *Fuqua v. Gulf, C. & S. F. Ry. Co.*, 206 F. Supp. 814, 816 (E.D. Ok.1962).

(M.D. Ala. 1998). Thus, "[t]he definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. 2010).

Given the broad definition courts have assigned to a § 1446(b)(3) "other paper" and the overarching purpose of notifying a defendant that the amount in controversy is established, the Court sees no reason why a sufficiently detailed civil remedy notice cannot serve as an "other paper" to start the removal clock. *See Crutchfield v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 616921, at *2 (M.D. Fla. 2013) (finding that the contents of a civil remedy notice can serve as evidence whether the amount in controversy is satisfied). Here, the civil remedy notice places a dollar amount of $85,000 on the estimated cost of a spinal fusion that a physician found would be necessary if less-intrusive measures proved unsuccessful. (Dkt. 8-16 at 5). Defendant claims that this amount is too speculative to establish the bona fide amount in controversy, but the Court finds it to be an "honest assessment of damages." *Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998). It contains a detailed opinion by an orthopedic surgeon that Plaintiff John Mead may require a specific medical procedure and places an exact figure on the cost of the procedure. (Dkt. 8-16 at 5). *See Black v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 4340281, at *2 (S.D. Fla. 2010) (considering allegations in a civil remedy notice "based on . . . medical professionals' advice"). Courts can consider future medical costs in determining whether the amount in controversy is established even though such costs are necessarily somewhat speculative. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, at *6 (S.D. Fla. 2009).

The civil remedy notice apprised Defendant that Plaintiffs were seeking damages in excess of $75,000, particularly when read in the context of the other communications received

Page 10

by Defendant that do not independently qualify as § 1446(b)(3) "other papers." *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (finding that a presuit demand letter "serves to supplement" postsuit communications); *see also Katz*, 2009 WL 1532129, at *4 (finding that presuit demand letter can be used to help establish the amount in controversy). Thus, the Court finds that Plaintiffs' civil remedy notice received by Defendant on July 8, 2013 was an "other paper" within the meaning of § 1446(b)(3) and started the 30-day removal clock, which expired on August 7, 2013. Defendant's removal on August 27, 2013 was therefore untimely, and remand is appropriate.

### C. Whether Defendant Waived Right of Removal

In addition to finding that the amount in controversy had been established more than 30 days prior to Defendant's removal of this litigation, the Court also finds that Defendant has forfeited its right of removal through litigating the merits of the case in state court. A state court defendant can lose the ability to remove a case "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (citation omitted). In applying this rule, this Court has noted:

> In order to waive the right to removal in this manner, however, a defendant must proceed in state court despite having notice of its right to remove the case. A party may waive the right to remove to federal court where, after it is clear that a case is removable, the defendant takes action in state court that manifests its intent to have the matter adjudicated there and to abandon its right to proceed in federal court. A defendant is only deemed to have waived its right to remove if, after the right to remove is apparent, it takes "clear and unequivocal

>     actions" in state court that manifest its intent to have the matter
>     adjudicated there.

*Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434, at *5 (M.D. Fla. 2005) (internal citations omitted).

As noted above, the Court finds that Defendant learned that the case was removable for § 1446(b) purposes upon receipt of the civil remedy notice on July 8, 2013. (Dkt. 8-16). On June 25, 2013, the state court orally abated the proceedings until Plaintiffs resolved a related claim under the Federal Tort Claims Act and entered a conforming order on July 8, 2013. (Dkt. 1-1 at 129). Upon Plaintiffs' motion for reconsideration however, the state court held a hearing on July 30, 2013 and vacated the previous order abating the proceedings and denied Defendant's motion to dismiss on August 2, 2013. (Dkt. 1-1 at 150). Defendant is correct that federal courts have held that filing a motion to dismiss does not in itself prevent a defendant from later removing to federal court.[11] However, "a determination of waiver by active participation must be made on a case-by-case basis," *Hill,* 72 F. Supp. 2d at 1354, and here, Defendant did more than simply file a motion to dismiss. After learning that the case was removable, Defendant participated in a hearing on July 30, 2013 at which the merits of its motion to dismiss were apparently discussed. Furthermore, Defendant suffered adverse rulings when the state court vacated its order abating the proceedings and denied Defendant's motion to dismiss.

In *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, the Eleventh Circuit found that a state court defendant had not waived the right to remove by filing a motion to dismiss, but in that case "the state court had not ruled on his motions to dismiss prior to [the defendant]

---

[11]*E.g. Yusefzadeh*, 365 F.3d at 1247; *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1356 (M.D. Fla. 1999).

removing the case." 365 F.3d at1247. Here, Defendant waited until after the state court adjudicated its motion to dismiss, all the while knowing since its receipt of the civil remedy notice that the case was removeable. Section 1446(b)(3) is specifically crafted to prevent a defendant from holding removal in reserve should the litigation develop unfavorably in state court. *Pretka* , 608 F.3d at 760. Thus, the Court concludes that Defendant forfeited its right to remove.

### D. Plaintiffs' Request for Attorney's Fees

Lastly, Plaintiffs request that this Court award them attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order rema nding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court explains:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (internal citation omitted).

Upon a review of the record, the Court does not find that an award of fees is warranted. While the Court concluded that the civil remedy notice established the amount in controversy to start the § 1446(b)(3) clock, whether it qualified as an "other paper" and whether it was

sufficiently detailed were fairly debatable issues. Relatedly, litigating on the merits in state court was only improper after Defendant received the "other paper" that made the case removable under § 1446(b)(3). *Del Rio*, 2005 WL 3093434, at *5. Thus, because Defendant could reasonably believe that the civil remedy notice did not establish the amount in controversy, Defendant could also reasonably believe that it could continue to litigate the case in state court pending receipt of a different "other paper." The Court therefore does not find Defendant's removal of this litigation warrants an award of attorney's fees to Plaintiffs.

**IV.   CONCLUSION**

For the reasons explained above:

1. Plaintiffs' Motion for Enlargement of Time to File Motion for Remand is **GRANTED.**

2. Plaintiffs' Motion for Remand is **GRANTED** to the extent it seeks remand of this litigation to state court and **DENIED** to the extent it seeks an award of attorney's fees. The Clerk is directed to remand this case to the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. The Clerk is directed to close the case and terminate all pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of November, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record